**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 03-4824

GORDON E. THOMAS, III,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-03-150)

Submitted: March 17, 2004

Decided: April 12, 2004

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Gary W. Christopher, First Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gordon E. Thomas, III, pled guilty to one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) (2000), and was sentenced to 120 months imprisonment, followed by three years of supervised release. He appeals, claiming that his conduct—videotaping the genitalia of a sleeping child—did not constitute "engaging" in sexually explicit conduct within the meaning of the statute.

Thomas' conviction was based on a VHS-videotape discovered during a search of Thomas' apartment; the tape depicts a sleeping nine-year-old girl—-the child of Thomas' next door neighbor. The camera zooms in on the child's panties; shortly thereafter, Thomas' hand is seen moving aside the crotch of the panties and the child's exposed genitals are filmed for approximately two minutes. The child is apparently asleep throughout the entire incident.

Section 2251(a) provides, in pertinent part, that "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d)." We find that the facts as set forth above satisfy the elements in the statute.

Accordingly, we affirm Thomas' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*